**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ISSAC S. HINERMAN,

              Plaintiff

    v.

ROBERT KARNES, et al.,

             Defendants

CIVIL ACTION NO. 1:14-CV-00408

(RAMBO, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

Plaintiff Isaac C. Hinerman, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Hinerman brings claims against three state correctional authorities, alleging that he was denied adequate medical care. At the time of the filing of his complaint, Hinerman was incarcerated at the Lebanon County Correctional Facility in Lebanon, Pennsylvania. He is currently incarcerated at the State Correctional Institute in Dallas, Pennsylvania.   Pending before this Court is Defendants' motion to dismiss. (Doc. 14).

I. **FACTUAL BACKGROUND**

This is a *pro se* prisoner civil rights action, initiated upon the filing of the original complaint in this matter on March 5, 2014, to redress injuries allegedly sustained by Plaintiff Isaac C. Hinerman from a seizure causing him to fall from the top bunk of his cell. (Doc. 1). Specifically, Hinerman alleges that he was assigned to a top bunk despite prison staff Defendants' Robert Karnes and Tony Hauck's awareness of his medical condition. (Doc. 1). He also alleges that the prison physician discontinued his seizure medication shortly after his fall, which caused him to suffer another seizure while in court on August 29, 2013. He also avers that his medication was not administered to him until one month after that alleged seizure.

(Doc. 1). Hinerman seeks money damages and injunctive relief pursuant to 42 U.S.C. § 1983

for the deprivation of his rights under the Eighth Amendment to the United States Constitution.

On July 1, 2014, Defendants filed a motion to dismiss (Doc. 14),   together with a brief

in support of the motion (Doc. 15). On August 11, 2014, this Court issued an Order directing

Hinerman to file a brief in opposition to Defendants' motion to dismiss by August 18, 2014.

Hinerman did not respond to the motion.  As such, Defendants' motion to dismiss is now ripe

for disposition.

## II.  LEGAL STANDARD

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals

for the Third Circuit, discussing the evolving standards governing pleading practice in federal

court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be

granted, the court must accept as true all allegations in the complaint and all reasonable

inferences that can be drawn therefrom are to be construed in the light most favorable to the

plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when

deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.

1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged.

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A

plaintiff must provide some factual grounds for relief which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the

Supreme Court held that, when considering a motion to dismiss, a court should "begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429

U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less

stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for

failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face

of the complaint, as well as "documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

U.S. 308, 322 (2007).

I. **DISCUSSION**

A. LACK OF PERSONAL INVOLVEMENT

Defendants seek the dismissal of Hinerman's § 1983 claims against Defendants Karnes

and Hauck under Rule 12(b)(6) because the complaint fails to allege any personal involvement

by Defendants Karnes and Hauck in the events giving rise to Hinerman's § 1983 claims. (Doc. 29).

"Civil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, __ F. Supp. 2d ___, 2014 WL 1235778, at *7 (M.D. Pa. Mar. 25, 2014). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing § 1983 claim); *Millbrook*, 2014 WL 1235778, at *8 (quoting *Rode* in the *Bivens* context).

The complaint fails to allege any personal involvement on the parts of Defendants Karnes or Hauck as they relate to the reported constitutional violations for which Hinerman brings suit. Specifically, Hinerman's bald assertion of Defendants' purported awareness of his unspecified medical condition cannot serve as a predicate for liability under § 1983. Accordingly, it is recommended that the Defendants' motion (Doc. 14) be granted with respect to dismissal of Hinerman's claims against Defendants Karnes and Hauck for failure to state a claim upon which relief can be granted.

### B. EIGHTH AMENDMENT CLAIM

Defendants alternatively seek the dismissal of Hinerman's § 1983 claims against Defendants Karnes and Hauck for failure to state an Eighth Amendment deliberate indifference claim. To state a cognizable Eighth Amendment claim for improper medical care, "a prisoner

must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This standard is two-pronged. It

requires deliberate indifference on the part of prison officials and it requires the prisoner's

medical needs to be serious." *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).

With respect to the latter prong of the *Estelle* standard, a serious medical need exists if

failure to treat such condition would constitute a "denial of the minimal civilized measure of

life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 825 (1994).

> [T]he concept of a serious medical need ... has two components, one relating to
> the consequences of a failure to treat and one relating to the obviousness of those
> consequences. The detainee's condition must be such that a failure to treat can
> be expected to lead to substantial and unnecessary suffering, injury, or death.
> Moreover, the condition must be "one that has been diagnosed by a physician as
> requiring treatment or one that is so obvious that a lay person would easily
> recognize the necessity for a doctor's attention.

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth County*

*Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). The "seriousness" of a

medical need may be demonstrated  when a  plaintiff demonstrates that the need is "one that

has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay

person would easily recognize the necessity for a doctor's attention." *Lanzaro,* 834 F.2d at 347

(citation omitted). Here, Defendants do not contest that Hinerman suffers from a serious

medical condition. As such, this Court turns to whether Hinerman has sufficiently alleged

deliberate indifference on the part of the Defendants.

"A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

risk of harm and fails to take reasonable steps to avoid such harm." *Henderson v. Correct Care*

*Solutions, LLC*, No. CV 13-713-SLR, 2014 WL 2179536, at *2 (D. Del. May 22, 2014) (citing

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference is manifested by

"intentionally denying or delaying access to medical care." *Estelle*, 429, U.S. at 105-05. "[M]ere allegations of malpractice do not raise issues of constitutional import." *Lanzaro*, 834 F.2d at 346. Moreover, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). A mere difference of opinion between the prison medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *Lanzaro*, 834 F.2d at 346; *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). The key question is whether the defendant has provided the inmate with some type of treatment, regardless of whether it is what the inmate desires. *Farmer*, 685 F. Supp. at 1339.

Here, Hinerman has failed to sufficiently allege deliberate indifference to a serious medical need against all named Defendants, including Defendant Dr. Yocum. The gravamen of the Hinerman's claims is simply that prison officials assigned him to a top bunk despite a generalized "awareness" of his unspecified medical condition, and that, "[s]ometime shortly after [the fall], Dr. Yocum stop[p]ed [Hinerman's] prescribed medication." (Doc. 1, at 3). Hinerman has failed to adequately plead facts establishing that Defendants had the requisite knowledge of his seizures when assigning him to a top bunk or when discontinuing his medication. Moreover, Hinerman has not demonstrated that Dr. Yocum possessed a culpable state of mind, beyond negligence or medical malpractice, which would subject him to liability. Accordingly, it is recommended that Defendants' motion be granted with respect to dismissal of the Eighth Amendment claim against Defendants Karnes and Hauck and that the Eighth Amendment claim against Defendant Dr. Yocum be dismissed.

    C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to

state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, there is nothing to suggest that amendment of Hinerman's claims against these Defendants would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Hinerman be granted leave to amend his complaint within a specified time period following dismissal of his claims against these Defendants.

II.   RECOMMENDATION

Based on the foregoing, it is recommended that:

1.   Defendants' motions to dismiss (Doc.  15) be **GRANTED** and the complaint (Doc. 1) be **DISMISSED** for failure to state a claim;

2.   Plaintiff be granted leave to file an amended complaint within a specified period of time following dismissal of his original complaint; and

3.   This matter be remanded to the undersigned for further proceedings.

BY THE COURT:

Dated: December 23, 2014                      s/ Karoline Mehalchick
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ISSAC S. HINERMAN,

        Plaintiff

  v.

ROBERT KARNES, et al.,

        Defendants

CIVIL ACTION NO. 1:14-CV-00408

(RAMBO, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 23, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 23, 2014**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**