UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC S. HINERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT KARNES, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:14-CV-00408<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On March 5, 2014, Plaintiff Isaac S. Hinerman, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). By that complaint, Hinerman brought claims against three state correctional authorities at Lebanon County Correctional Facility in Lebanon, Pennsylvania, alleging that he was denied adequate medical care for injuries sustained from a seizure causing him to fall from the top bunk of his cell. (Doc. 1).

On July 1, 2014, Defendants Tony Hauck and Robert Karnes filed a motion to dismiss (Doc. 14), on the grounds that the complaint failed to allege any personal involvement on the part of Defendants Karnes and Hauck giving rise to Hinerman's § 1983 claims and failed to state an Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Karnes, Hauck and Dr. Jeffrey Yocum. (Doc. 30). The Court granted Defendants' motion to dismiss but granted Hinerman leave to file an amended complaint no later than February 11, 2015. (Doc. 33). On December 29, 2014, Defendant Dr. Yocum filed a motion for judgment on the pleadings. (Doc. 32). Hinerman neither filed an amended complaint by the Court imposed deadline of February 11, 2015, nor filed a response to Defendant's motion for judgment on the pleadings. As such, this Court entered an Order on March 6, 2015, directing

Hinerman to file an amended complaint and a brief in opposition to Defendant's motion for judgment on the pleadings fourteen (14) days from the date of that Order, on March 20, 2015. (Doc. 34). To date, Hinerman has not filed an amended complaint and has not responded to Defendant's motion.

**AND NOW**, this 23rd day of March, 2015, upon Hinerman's failure to file an amended complaint within fourteen (14) days as directed by this Court's March 6, 2015 Order (Doc. 34), it is hereby recommended that:

1. The Court enter an Order **DISMISSING** the case, as Plaintiff has failed to file an amended complaint;

2. Defendant's motion for judgment on the pleadings (Doc. 31), be **DENIED AS MOOT**;

3. The Clerk of Court be directed to **CLOSE** the case.

BY THE COURT:

Dated: March 23, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC S. HINERMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT KARNES, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:14-CV-00408<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 23, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **March 23, 2015**　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**